UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

SHAWN SILVER,

                Plaintiff,

vs.

SPILL THE TEA, INC., a
Delaware corporation,
AWDTSG, Inc., a Delaware
corporation, TRANSGLOBAL
ASSETS INC., a Wyoming
corporation, jointly and severally
d/b/a DATEGUARD ARE WE
DATING THE SAME GUY? - NASHVILLE,
and META PLATFORMS, INC.,
a Delaware corporation,

                Defendants.

_____/

## COMPLAINT

       Plaintiff, SHAWN SILVER, sues Defendants SPILL THE TEA, INC., a Delaware

corporation, AWDTSG, Inc., a Delaware corporation, TRANSGLOBAL ASSETS INC., a

Wyoming corporation, jointly and severally d/b/a DATEGUARD ARE WE DATING THE SAME

GUY? - NASHVILLE, and META PLATFORMS, INC., a Delaware corporation, and alleges as

follows:

### PARTIES

       1.   Plaintiff is a resident of Tennessee with substantial business and personal interests in the

State of Florida and is *sui juris*.

       2.   Defendant, SPILL THE TEA, INC. ("STT"), is a Delaware corporation with its principal

place of business in Lewes, Delaware.

3.   Defendant, AWDTSG, INC. ("AWDTSG"), is a Delaware corporation with its principal place of business in  Lewes, Delaware.

4.   Defendant, TRANSGLOBAL ASSETS INC. ("TRANSGLOBAL"), is a Wyoming corporation with its principal place of business in Cheyanne, Wyoming.

5.   Defendants STT, AWDTSG, and TRANSGLOBAL (herein the "DATEGUARD Defendants"), jointly and severally transact business under the name "DATEGUARD  Are We Dating The Same Guy? | Nashville"  through the operation of a website and Facebook group of the same name, i.e., the Facebook Group accessible via direct URL at https://www.facebook.com/groups/1038133304347370  (Group ID:  1038133304347370).  The DATEGUARD Defendants, jointly and severally d/b/a DATEGUARD Are We Dating The Same Guy? | Nashville, regularly and substantially engage in business in the State of Florida, in addition to numerous other states.

6.   Defendant META PLATFORMS, INC. ("META"), is a Delaware corporation with its principal place of business in Menlo Park, California, and is the owner and operator of the Facebook platform used to publish the content at issue.

## JURISDICTION AND VENUE

7.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000 and the parties are citizens of different states.

8.   Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claim, and the injury caused to Plaintiff's reputation and business, occurred in the Southern District of Florida.

9.   Defendants are subject to personal jurisdiction in Florida pursuant to Fla. Stat. § 48.193, having committed tortious acts causing injury in this state and engaging in business activities in and directed toward Florida.

**INTRODUCTION**

10.    This is a civil action for damages and injunctive relief arising from the unauthorized acquisition, alteration, and online publication of Plaintiff's private photographs, initially uploaded to a secure dating platform, by the DATEGUARD Defendants and hosted by META. The images were republished alongside Plaintiff's first name, making him clearly identifiable, and were disseminated in a defamatory and humiliating context, causing severe emotional and reputational harm to Plaintiff.

**FACTUAL ALLEGATIONS**

11.    Plaintiff paid for and commissioned a set of professional photographs for use solely in connection with his private, password-protected profile on a dating platform intended for discreet personal matchmaking.

12.    Without Plaintiff's knowledge or permission, authorized agents of and individuals associated with the DATEGUARD Defendants and Defendant META's Facebook group *DATEGUARD D/B/A ARE WE DATING THE SAME GUY? – NASHVILLE,* as described above, copied the photographs from the dating site, used artificial intelligence to make minor alterations, and republished them within the group.

13.    The posts included Plaintiff's first name ("Shawn") and were presented alongside disparaging and inflammatory content, implicitly associating him with negative characterizations.

14.    The group is operated by the DATEGUARD Defendants, and is specifically designed to allow anonymous commentary, personal accusations, and photographs of individuals purportedly involved in "shady" conduct.

15.    The tone and structure of the group are explicitly aimed at public shaming and ostracization rather than legitimate discourse or protected opinion.

16.    Defendant META owns and controls the Facebook ecosystem in which the group was created and maintained, including the algorithms that promote content visibility and engagement.

17.    Defendant META monetizes user activity and engagement in the group through

3.

targeted advertising revenue, data harvesting, and behavioral tracking tied to controversial or viral content.

18.   Defendant META was placed on written notice by Plaintiff, either via reporting tools or internal moderation activity, of the nonconsensual and misleading use of Plaintiff's photographs and name but failed to remove, flag, or suppress the content.

19.   As a result of Defendants' conduct, Plaintiff has suffered reputational injury, disruption of personal and professional relationships, anxiety, humiliation, and persistent emotional anguish.

## CAUSES OF ACTION

### Count I – Violation of Right of Publicity (Fla. Stat. § 540.08) – Against the DATEGUARD Defendants

20.   The allegations contained in Paragraphs 1 through 19 above are incorporated by reference.

21.   The DATEGUARD Defendants knowingly and without Plaintiff's consent used his photograph and first name in an online publication for the purpose of increasing the visibility, engagement, and influence of its Facebook group.

22.   This use served a commercial or promotional purpose and is prohibited under Fla. Stat. § 540.08.

23.   Plaintiff was clearly identifiable from the content, and the use was not for news reporting or any legitimate public interest.

24.   Plaintiff suffered damages including emotional distress and reputational harm as a direct result of Defendant's actions.

WHEREFORE, Plaintiff demands judgment for damages against Defendants SPILL THE TEA, INC., a Delaware corporation, AWDTSG, Inc., a Delaware corporation, TRANSGLOBAL ASSETS INC., a Wyoming corporation, jointly and severally d/b/a DATEGUARD ARE WE

DATING THE SAME GUY? – NASHVILLE, together with the costs of this action.

### Count II – Invasion of Privacy – Appropriation – Against the DATEGUARD Defendants

25.   The allegations contained in Paragraphs 1 through 19 above are incorporated by reference.

26.   The DATEGUARD Defendants publicly displayed Plaintiff's image and first name for its own benefit, namely, to attract attention and generate engagement in the group.

27.   This was done without consent and with knowledge that the materials had been taken from a private dating site.

28.   This conduct constitutes misappropriation under Florida common law, and Plaintiff has sustained damages as a direct result of Defendants' actions.

WHEREFORE, Plaintiff demands judgment for damages against Defendants SPILL THE TEA, INC., a Delaware corporation, AWDTSG, Inc., a Delaware corporation, TRANSGLOBAL ASSETS INC., a Wyoming corporation, jointly and severally d/b/a DATEGUARD ARE WE DATING THE SAME GUY? – NASHVILLE, together with the costs of this action.

### Count III – Invasion of Privacy – Public Disclosure of Private Facts – Against the DATEGUARD Defendants

29.   The allegations contained in Paragraphs 1 through 19 above are incorporated by reference.

30.   The photographs were originally posted by Plaintiff in a private, restricted digital space.

31.   Repurposing the images, alongside his name and negative implications, in an open Facebook group constitutes a highly offensive disclosure of private facts.

32.   The disclosure was not of legitimate public concern and resulted in reputational and emotional harm and damages to Plaintiff as a direct result of Defendant's actions.

WHEREFORE, Plaintiff demands judgment for damages against Defendants SPILL THE TEA, INC., a Delaware corporation, AWDTSG, Inc., a Delaware corporation, TRANSGLOBAL

ASSETS INC., a Wyoming corporation, jointly and severally d/b/a DATEGUARD ARE WE DATING THE SAME GUY? – NASHVILLE, together with the costs of this action.

### Count IV – Intentional Infliction of Emotional Distress – Against the DATEGUARD Defendants

33. The allegations contained in Paragraphs 1 through 19 above are incorporated by reference.

34. The willful act of accessing private content, altering it via AI, publicly attaching Plaintiff's first name, and posting it in a hostile, shame-based Facebook group is outrageous conduct beyond all bounds of decency.

35. The purpose of the publication was to humiliate and intimidate Plaintiff.

36. The distress Plaintiff experienced was severe, including anxiety, public embarrassment, impaired social function, and loss of business goodwill.

37. The conduct was intentional or showed a reckless disregard for the probability of causing emotional harm, and resulted in damages to Plaintiff as a direct result of Defendants' actions.

38. Florida law recognizes the cause of action for intentional infliction of emotional distress as a stand-alone tort exempt from the impact rule, under the circumstances described in the preceding paragraphs 34 through 37.

WHEREFORE, Plaintiff demands judgment for damages against Defendants SPILL THE TEA, INC., a Delaware corporation, AWDTSG, Inc., a Delaware corporation, TRANSGLOBAL ASSETS INC., a Wyoming corporation, jointly and severally d/b/a DATEGUARD ARE WE DATING THE SAME GUY? – NASHVILLE, together with the costs of this action.

### Count V – Violation of Right of Publicity (Fla. Stat. § 540.08) – Against META

39. The allegations contained in Paragraphs 1 through 19 above are incorporated by reference.

40.  Defendant META knowingly hosted and promoted content within its Facebook platform that included Plaintiff's identifiable photograph and first name without consent.

41.  Defendant META monetized activity in the group through advertising and platform engagement strategies that prioritize viral and high-interaction content, including the defamatory posts at issue.

42.  Defendant META failed to take remedial action after being placed on notice by Plaintiff and allowed continued commercial benefit from the unauthorized use.

43.  The amplification of Plaintiff's identity and image served Defendant META's commercial interests and violates Fla. Stat. § 540.08.

44.  As a direct result of Defendant's actions, Plaintiff has suffered and continues to suffer damages including reputational harm and emotional distress.

WHEREFORE, Plaintiff demands judgment for damages against META PLATFORMS, INC., a Delaware corporation, together with the costs of this action.

### Count VI – Temporary and Permanent Injunctive Relief – Against All Defendants

45.  The allegations contained in Paragraphs 1 through 19 above are incorporated by reference.

46.  Plaintiff seeks injunctive relief to prevent ongoing and irreparable harm caused by the unauthorized use, publication, and dissemination of his image, likeness, and first name by the DATEGUARD Defendants and META.

47.  Plaintiff is clearly identifiable in the subject content, which was copied from a private dating platform without consent and published in an online forum operated and/or hosted by Defendants.

48.  The continued visibility and accessibility of Plaintiff's name and image serve no legitimate public interest, are false and misleading in context, and expose Plaintiff to further reputational injury and emotional distress.

49.  Unless restrained and enjoined by this Court, Defendants will continue to display or

allow the display of Plaintiff's likeness and first name, resulting in ongoing harm that cannot be adequately remedied by damages alone.

50.   Plaintiff has a high likelihood of success on the merits, has suffered and will continue to suffer irreparable injury without injunctive relief, and lacks an adequate remedy at law.

51.   The requested injunction will serve the public interest in preventing non-consensual exploitation of personal identity and will not unduly burden Defendants' lawful speech or business practices.

WHEREFORE, Plaintiff respectfully requests that the Court:

•       Issue a temporary restraining order, followed by a preliminary and permanent injunction, enjoining the DATEGUARD Defendants and their agents from publishing, distributing, or otherwise displaying any images or likenesses of Plaintiff, including his first name, without express written consent;

•       Order Defendant META to remove or disable access to all infringing posts containing Plaintiff's identity or likeness from its platform, including content published in the Facebook group operated by the DATEGUARD Defendant; and

•       Grant such further equitable relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demand trial by jury of all claims so triable.

Dated: June 27, 2025

Respectfully submitted by:

McRAE LAW OFFICES, P.A.
Attorney for Plaintiff,
SHAWN SILVER
5300 West Atlantic Avenue, Suite 412
Delray Beach, FL 33484
(561) 638-6600
(888) 308-6020 fax


    s/ Mitchell T. McRae
By: _____
    Mitchell T. McRae, Esq.
    mmcrae@mcraelawfirm.com
    FBN 441759