UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:25-cv-61308-KMM

SHAWN SILVER,

                    Plaintiff,

vs.

SPILL THE TEA, INC., a
Delaware corporation,
AWDTSG, Inc., a Delaware
corporation, TRANSGLOBAL
ASSETS INC., a Wyoming
corporation, jointly and severally
d/b/a DATEGUARD ARE WE
DATING THE SAME GUY? - NASHVILLE,
and META PLATFORMS, INC.,
a Delaware corporation,

                    Defendants.
_____/

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AGAINST DEFENDANTS SPILL THE TEA, INC. AND AWDTSG, INC. AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, SHAWN SILVER, through undersigned counsel and pursuant to Fed. R. Civ. P. 55(b) and this Court's Order dated August 12, 2025 [DE 28], files this Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law against Defendants, Spill The Tea, Inc. and AWDTSG, Inc. ("Defendants"), and in support thereof states as follows:

**FACTS AND PROCEDURAL HISTORY**

1. Plaintiff filed his Complaint [DE 1] against Defendants in this action on June 27, 2025. The Complaint sets forth five substantive counts against the defendants, with the first four (Counts I–IV) seeking relief against Defendants Spill The Tea, Inc. and AWDTSG, Inc. The fifth count seeks relief against Defendant Meta Platforms, Inc. The sixth count seeks injunctive relief from all

defendants. Plaintiff voluntarily dismissed Defendant Transglobal Assets Inc., without prejudice, on August 6, 2025 [DE 20], and, on August 7, 2025, this Court entered an Order dismissing Defendant Transglobal Assets Inc. from this action without prejudice. [DE 21]

2. On July 15, 2025, Plaintiff obtained service on Defendant Spill The Tea, Inc., a Delaware corporation. [DE 10].

3. On August 11, 2025, Plaintiff filed his Motion for Entry of Clerk's Default against Defendant, Spill The Tea, Inc. [DE 23].

4. On August 12, 2025, the Clerk of Court entered a Clerk's Default against Defendant, Spill The Tea, Inc. [DE 25].

5. On July 14, 2025, Plaintiff obtained service on Defendant AWDTSG, Inc., a Delaware corporation. [DE 9].

6. On August 11, 2025, Plaintiff filed his Motion for Entry of Clerk's Default against Defendant, AWDTSG, Inc. [DE 24].

7. On August 12, 2025, the Clerk of Court entered a Clerk's Default against Defendant, AWDTSG, Inc. [DE 26].

8. To date, Defendants Spill The Tea, Inc. and AWDTSG, Inc. have failed to file an answer with the Clerk, have not served an answer upon the Plaintiff, and have made no entry of appearance in this matter. To this date, Defendants have undertaken no defense in this matter.

9. As noted, Count VI of Plaintiff's Complaint seeks injunctive relief.

10. In this Motion, plaintiff seeks entry of a Final Default Judgment granting permanent injunctive relief against Defendants Spill The Tea, Inc. and AWDTSG, Inc.

11. Plaintiff has separately filed the Affidavit of Shawn Silver with Exhibits in Support of

Plaintiff's Motion for Entry of Default Final Judgment against Defendants Spill The Tea, Inc. and AWDTSG, Inc., which is incorporated by reference herein.

## ARGUMENT IN SUPPORT OF DEFAULT JUDGMENT FOR INJUNCTIVE RELIEF

Defendants Spill The Tea, Inc. and AWDTSG, Inc. did not respond to a properly served Complaint, ignored a duly issued and properly served Summons of a Court, and refused to defend themselves in this action. Under such circumstances, a default judgment, though drastic, is the appropriate and, indeed, the only recourse. *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 458 (U.S. 2004) ("And, when a party fails to answer or appear in an adversary proceeding, the Federal Rule governing default judgments applies"); *Federal Maritime Com'n v. South Carolina State Ports Authority*, 535 U.S. 743, 757 (U.S. 2002)("If a defendant fails to respond to a complaint, default judgment may be entered on behalf of the plaintiff").

Plaintiff recognizes that entry of a default judgment against a defendant is a severe remedy and generally disfavored. *See*, *e.g.*, *Pelican Production Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir. 1990). Pursuant to Rule 55 of the Federal Rules of Civil Procedure, when a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, such as these Defendants, in this cause, a default shall be entered against that party.

Inability to conduct discovery against a defaulted defendant materially impairs a plaintiff's ability to quantify damages, creates barriers to a plaintiff's ability to identify restitutionary or injunctive relief and identify causation and scope of harm. Plaintiff would prefer that its claims be decided on the merits and fully believes it would be successful at trial. However, in light of the Defendants' failure to assert a defense or otherwise respond, and as there is no indication that

3

the Defendants intend to defend against the allegations, this Court has as the only avenue available to conclude this matter, the entry of a default judgment against these Defendants.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Venue in this District was not disputed, nor could it be as a substantial part of the events giving rise to the claim, and the injury caused to Plaintiff's reputation and business, occurred in the Southern District of Florida.

The Complaint [DE 1] contains all allegations necessary to establish Plaintiff's entitlement to the entry of a Default Final Judgment for Injunctive Relief after Defendants have failed to plead or defend in this action.

The actions of these Defendants have caused and will continue to cause Plaintiff irreparable harm and injury, including emotional and reputational harm, reputational injury, disruption of personal and professional relationships, anxiety, humiliation, emotional anguish, loss of business goodwill, and irreparable harm caused by the unauthorized use, publication, and dissemination of his image, likeness, and name and other violations of Plaintiff's rights as alleged in the Complaint.

Plaintiff has no adequate remedy at law. Granting an injunction will serve the public interest by protecting the rights of individuals as Plaintiff whose rights under Florida's Right of Publicity statute (Fla. Stat. § 540.08) have been violated, privacy invaded via appropriation of one's likeness, and privacy violated by public disclosure of private facts. Given Defendants' failure to file a responsive pleading in this action and their failure to retain counsel, there is a substantial likelihood of success in attaining an injunction.

Failure to grant an injunction will result in Plaintiff's continued exposure to harm with no method of recourse.

The specific nature of the injunction sought by Plaintiff is outlined below.

### INJUNCTIVE RELIEF SOUGHT

Plaintiff bases his claim for unauthorized publication on Fla. Stat. § 540.08 which provides in pertinent part as follows:

> "(1) No person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use given by [such person]:
>
> (2) In the event the consent required in subsection (1) is not obtained, the person whose name, portrait, photograph, or other likeness is so used …may bring an action to enjoin such unauthorized publication, printing, display or other public use, and to recover damages for any loss or injury sustained by reason thereof, including an amount which would have been a reasonable royalty, and punitive or exemplary damages...
>
> (7) The remedies provided for in this section shall be in addition to and not in limitation of the remedies and rights of any person under the common law against the invasion of her or his privacy."

Plaintiff initiated this action because a commissioned set of professional photographs he paid for to be used solely in connection with a private, password-protected profile on a dating platform intended for discreet personal matchmaking had, without his knowledge or permission, been copied, artificially altered, and republished within a Facebook group named DATEGUARD D/B/A ARE WE DATING THE SAME GUY? – NASHVILLE, along with his first name, first letter of his last name ("Shawn S"), age, height, and locations, which Facebook group allowed, and/or Defendants Spill The Tea, Inc. and AWDTSG, Inc., as owners of the group, authorized or directed disparaging and inflammatory content about Plaintiff which explicitly and implicitly associated Plaintiff with negative characterizations and made false assertions about Plaintiff's

5

business by so-called "anonymous" posters with whom Plaintiff has have never interacted.

The posts within the group serve only one purpose, to monetize the interests of Defendants Spill The Tea, Inc. and AWDTSG, Inc., the owners and operators of the group, at Plaintiff's expense by using his name, image and likeness and associating Plaintiff with sensational disparaging and inflammatory content.

Plaintiff respectfully requests that the Final Default Judgment permanently enjoin and prevent Defendants SPILL THE TEA, INC. and AWDTSG, INC., jointly and severally d/b/a DATEGUARD ARE WE DATING THE SAME GUY? – NASHVILLE, and their officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with any of them, from any further publication, distribution, or display of Plaintiff's image, likeness, or name (i) in connection with the Facebook group named DATEGUARD ARE WE DATING THE SAME GUY? – NASHVILLE, or similar group or derivative spinoff thereof, without Plaintiff's written consent, (ii) in connection with any commercial promotional purpose or enterprise operated for their own commercial benefit, as, e.g., to attract attention and generate engagement in a group or enterprise for monetization purposes, without Plaintiff's written consent, or (iii) reproducing Plaintiff's privately commissioned photograph images, whether altered or not, in an online forum for commercial benefit to Defendants Spill The Tea, Inc. and AWDTSG, Inc., wherein Plaintiff's name is attached to or referenced to such images in a misleading and humiliating context, without Plaintiff's written consent.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment. First, subsection (a) provides that the Clerk of Court must enter default when the

defendant fails "to plead or otherwise defend." Fed. R. Civ. P. 55(a). Next, upon the entry of a clerk's default, the Court must enter a judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, . . . on the plaintiff's request, with an affidavit showing the amount due . . . ." *Id.* at 55(b)(1).

A default admits plaintiff's well-plead allegations of fact. *Lary v. Trinity Physician Fin. & Ins. Services*, 780 F.3d 1101, 1106 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Thus, in determining whether default judgment may be entered, courts must review the allegations in the complaint to determine whether there is a "sufficient basis in the pleadings for the particular relief sought." *United States v. Genesis II Church of Health & Healing*, 476 F. Supp. 3d 1283, 1289 (S.D. Fla. 2020) (citing *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (noting that the "sufficient basis" standard is akin to the motion to dismiss standard). Once liability is established, the Court must then assess forms of relief. *See Chanel, Inc. v. French*, No. 0:05-cv-61838, 2006 WL 3826780, at *2 (S.D. Fla. Dec. 27, 2006).

Plaintiff has sufficiently stated a claim for permanent injunctive relief, as he has sufficiently alleged each element of his claims in the Complaint. Further, with respect to injunctive relief, in Count VI of Plaintiff's Complaint Plaintiff alleges as follows:

> 46. Plaintiff seeks injunctive relief to prevent ongoing and irreparable harm caused by the unauthorized use, publication, and dissemination of his image, likeness, and first name by the DATEGUARD Defendants and META.
>
> 47. Plaintiff is clearly identifiable in the subject content, which was copied from a private dating platform without consent and published in an online forum operated and/or hosted by Defendants.

48. The continued visibility and accessibility of Plaintiff's name and image serve no legitimate public interest, are false and misleading in context, and expose Plaintiff to further reputational injury and emotional distress.

49. Unless restrained and enjoined by this Court, Defendants will continue to display or allow the display of Plaintiff's likeness and first name, resulting in ongoing harm that cannot be adequately remedied by damages alone.

50. Plaintiff has a high likelihood of success on the merits, has suffered and will continue to suffer irreparable injury without injunctive relief, and lacks an adequate remedy at law.

51. The requested injunction will serve the public interest in preventing non-consensual exploitation of personal identity and will not unduly burden Defendants' lawful speech or business practices.

Plaintiff has demonstrated that he has suffered an irreparable injury, that remedies available at law, such as monetary damages, are inadequate to compensate for that injury, that, considering the balance of hardships between the Plaintiff and Defendants Spill The Tea, Inc. and AWDTSG, Inc., a remedy in equity is warranted, and that the public interest would not be disserved by a permanent injunction.

## CONCLUSION

WHEREFORE, Plaintiff respectfully moves this Court to enter final judgment after default against Defendants Spill The Tea, Inc. and AWDTSG, Inc., permanently enjoining and preventing Defendants Spill The Tea, Inc. and AWDTSG, Inc., jointly and severally d/b/a DATEGUARD ARE WE DATING THE SAME GUY? – NASHVILLE, and their officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with any of them, from any further publication, distribution, or display of Plaintiff's image, likeness, or name (i) in connection with the Facebook group named DATEGUARD ARE WE DATING THE SAME GUY? – NASHVILLE, or similar group or derivative spinoff

8

thereof, without Plaintiff's written consent, (ii) in connection with any commercial promotional purpose or enterprise operated for their own commercial benefit, as, e.g., to attract attention and generate engagement in a group or enterprise for monetization purposes, without Plaintiff's written consent, or (iii) reproducing Plaintiff's privately commissioned photograph images, whether altered or not, in an online forum for commercial benefit to Defendants Spill The Tea, Inc. and AWDTSG, Inc., wherein Plaintiff's name is attached to or referenced to such images in a misleading and humiliating context, without Plaintiff's written consent. Plaintiff further requests that this Court reserve jurisdiction for purposes of enforcing the final judgment.

    Respectfully submitted by:

MCRAE LAW OFFICES, P.A.
Attorney for Plaintiff,
SHAWN SILVER
5300 West Atlantic Avenue, Suite 412
Delray Beach, FL 33484
(561) 638-6600
(888) 308-6020 fax

    s/ Mitchell T. McRae
By: _____
    Mitchell T. McRae, Esq.
    mmcrae@mcraelawfirm.com
    FBN 441759

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this September 1, 2025, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF. I further certify that the aforementioned document is being served on the

Defendants SPILL THE TEA, INC. and AWDTSG, INC. via U.S. Mail at the addresses specified in the attached Service List.

/s/ *Mitchell T. McRae*
Attorney

**SERVICE LIST:**

SHAWN SILVER vs. SPILL THE TEA, INC., a Delaware corporation, AWDTSG, Inc., a Delaware corporation, TRANSGLOBAL ASSETS INC., a Wyoming corporation, jointly and severally d/b/a DATEGUARD ARE WE DATING THE SAME GUY? - NASHVILLE, and META PLATFORMS, INC., a Delaware corporation

United States District Court Southern District of Florida

Case No. 0:25-cv-61308-KMM

**SPILL THE TEA, INC.**

**REGISTERED AGENT:**

Harvard Business Services, Inc.
16192 Coastal Hwy
Lewes, Delaware 19958

**VIA U.S. MAIL**

**AWDTSG, INC**.

**REGISTERED AGENT:**

Legalinc Corporate Services Inc.
131 Continental Drive Suite 305
Newark, Delaware 19713

**VIA U.S. MAIL**