IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO. 0:25-CV-61308-KMM

SHAWN SILVER,

      Plaintiff,

v.

SPILL THE TEA, INC., a Delaware corporation, AWDTSG, Inc., a Delaware corporation, TRANSGLOBAL ASSETS INC., a Wyoming corporation, jointly and severally d/b/a DATEGUARD ARE WE DATING THE SAME GUY? – NASHVILLE, and META PLATFORMS, INC., a Delaware corporation,

      Defendants.

## JOINT SCHEDULING REPORT

Pursuant to Local Rule 16.1(b) and this Court's September 16, 2025 Order (ECF No. 16), Plaintiff Shawn Silver ("Plaintiff") and Defendant Meta Platforms, Inc ("Meta") (together, the "Parties") hereby submit this Joint Scheduling Report.

**I.   CASE MANAGEMENT TRACK**

The Parties recommend that this case be placed on the Standard Case Management Track, as defined in Local Rule 16.1(a)(2)(B).

**II.   LOCAL RULE 16.1(b)(2) SCHEDULING CONFERENCE REPORT AND LOCAL RULE 16.1(b)(3) JOINT PROPOSED SCHEDULING REPORT**

**A. Likelihood of Settlement** – The Parties have and continue to explore possibilities for resolution and will advise the Court promptly should Plaintiff and Meta resolve the matter between them.

**B. Likelihood of Appearance in the Action of Additional Parties** – Other than Meta, the Complaint also names Spill the Tea, Inc., AWDTSG, Inc., and Transglobal Assets, Inc. On August 6, 2025, Plaintiff voluntarily dismissed Transglobal Assets Inc. without prejudice. On August 12, 2025, the Court entered default as to Defendants Spill the Tea, Inc. and AWDTSG, Inc., and on September 1, 2025, Plaintiff filed a Motion for Entry of Default Final Judgment against those same parties. Beyond those additional defendants named in the Complaint, the Parties do not anticipate the appearance of additional parties but reserve the right to add additional parties that may be identified during discovery.

**C. Proposed Limits on Time** – Meta's position is that the Court should stay discovery and all related deadlines until it rules on Meta's pending Motion to Dismiss (ECF No. 33), which raises threshold jurisdictional issues under Federal Rule of Civil Procedure 12(b)(2) and improper venue under Federal Rule of Civil Procedure Rule 12(b)(3), as well as case dispositive arguments under Federal Rule of Civil Procedure 12(b)(6). While Plaintiff disagrees, in Meta's view, these threshold issues must be decided before discovery can proceed. In the event Meta's Motion to Dismiss is denied, the Parties have agreed upon and submit the following schedule of proposed dates:

| Event | Plaintiff's Proposed Deadline | Defendant's Proposed Deadline |
|---|---|---|
| Motions to join to additional Parties or to amend the complaint | November 30, 2025 | November 17, 2025 |

| | | |
|---|---|---|
| Initial disclosures pursuant to Rule 26(a) | December 11, 2025 | December 11, 2025 |
| Parties to select a mediator pursuant to Local Rule 16.2 | January 8, 2026 | January 8, 2026 |
| Plaintiff disclosure of expert witnesses and reports | June 19, 2026 | June 19, 2026 |
| Defendant disclosure of expert witnesses and reports | July 24, 2026 | July 24, 2026 |
| All fact discovery completed | July 24, 2026 | July 24, 2026 |
| Expert discovery completed | August 27, 2026 | August 27, 2026 |
| Mediation completed | September 4, 2026 | September 4, 2026 |
| Dispositive motions, including those regarding summary judgment and *Daubert* | September 11, 2026 | September 11, 2026 |
| All pretrial motions and memoranda of law, including motions in limine | October 2, 2026 | October 2, 2026 |
| Joint pretrial stipulations, including designations of deposition testimony, Rule 26(a)(3) witnesses, exhibit lists, proposed jury instructions, and verdict form | November 13, 2026 | November 13, 2026 |
| Trial | December 1, 2026 or a date thereafter subject to the Court's availability | December 1, 2026 or a date thereafter subject to the Court's availability |

      **D. Proposals for Formulation and Simplification of Issues** – The Parties agree to make their best efforts to simplify the issues if it becomes apparent through the course of discovery that any claim or defense is not supported by the evidence, including stipulation to facts as appropriate, and will continue to pursue resolution of these issues prior to trial. The Parties agree that electronic service on the email addresses provided by all counsel of record will be sufficient and service by mail will not be required.

      **E. The Necessity and Desirability of Amendments to the Pleadings** – It is Meta's position that no amendments to the current pleadings are necessary or warranted; however, any proposed amendments can be addressed in the specific context in which they arise.

      **F. Possibility of Obtaining Admissions of Fact, Stipulations, and Advance Rulings on Evidence –** The Parties will in good faith attempt to obtain admissions of fact and documents that will avoid unnecessary proof and cumulative evidence and will promptly notify the Court of the need for any advance rulings on the admissibility of evidence. The Parties will confer with one another on issues regarding the preservation, disclosure, and discovery of documents, electronically stored information, or things. The Parties do not anticipate departing from the Federal or Local Rules regarding discovery and believe that they will primarily engage in discovery and the exchange of documents electronically. After discovery, the Parties will make their best efforts to stipulate to the authenticity of documents, and to stipulate or admit facts where possible. The Parties will discuss the ability to waive authenticity objections for records and other items obtained through the discovery process.

      **G. Suggestions to Avoid Unnecessary Proof and Cumulative Evidence** – The Parties have discussed the possibility of obtaining admissions of fact and of documents, stipulations regarding authenticity of documents, and efforts to avoid unnecessary proof and

cumulative evidence, and have agreed to make their best efforts to agree on such admissions, stipulations, and suggestions for the avoidance of unnecessary proof and of cumulative evidence, and to file such with the Court along with motions, if deemed necessary, for advance rulings on the admissibility of evidence.

**H. Suggestions on the Advisability of Referring Matters to a Magistrate Judge** – The Parties do not consent to trial before a United States Magistrate Judge. However, should discovery proceed, the Parties agree that discovery matters may be referred to the Magistrate Judge.

**I. Preliminary Estimate of Time Required For Trial** – At this time, the Parties believe this matter will require **three (3) days** for trial**.**

**J. Suggested Trial and Pretrial Dates –** The Parties request a conference before trial. The pretrial conference date has not been set. The trial date has not been set.

**K. Any issues about:**

> **i. disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties affirm that reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise. If Meta's Motion to Dismiss is denied and discovery proceeds, the Parties will negotiate a protocol and order governing ESI discovery in this case and will present their agreement and proposed order under Fed. R. Evid 502.  The Parties agree that general ESI production requests under Fed. R. Civ. P. 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, Parties must propound specific email production requests.

> **ii. claims of privilege or of protection as trial-preparation materials, including whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

Should discovery proceed, the Parties will negotiate a protective order to facilitate the disclosure of sensitive information and a protocol that will govern any waiver of any privilege in this lawsuit.  The Parties will present such order(s) to the Court for approval and entry.

**L.  Other Information That Might be Helpful** – Meta filed its Motion to Dismiss on September 2, 2025; Plaintiff's Opposition is due on September 23, 2025; Meta's Reply will be due on October 7, 2025 (assuming Plaintiff files his Opposition on September 23). The parties are unaware of any additional information that might be helpful to the court, but the parties will apprise the Court should other information come to light.

**III.    ADDITIONAL TOPICS UNDER LOCAL RULE 16.1(b)(3): Any agreements the parties reach for asserting claims of privilege or protection of trial preparation material after production and (2) Any proposed use of the Manual on Complex Litigation and any other need for rule variations, such as on deposition length or number of depositions**

If Meta's Motion to dismiss is denied, and the case proceeds to fact discovery, the Parties will negotiate a stipulated protective order and ESI protocol which shall be filed with the Court prior to the production of ESI.  If the case proceeds into fact discovery, the Parties also agree to the exchange of privilege logs thirty (30) days prior to the close of fact discovery. *See* Local Rule 26.1(e)(2)(D) (requiring service of privilege logs fourteen days following the service of an interrogatory response withholding information based on privilege or production based on privilege *unless* "the parties agree on a different time frame").  It is the Parties' position that setting a single deadline for the mutual exchange of privilege logs will simplify and allow for a more orderly administration of document discovery.

The Parties further agree that they do not need to log any privileged oral communications. Considering the likelihood that any such communications would be found to be privileged, the challenges in seeking specific information regarding the timing and circumstances of oral

communications from custodians, including communications that may have occurred many months or years prior, the Parties believe that the burden of logging oral communications far outweighs any potential benefit.

The Parties will address the format of privilege logging in their proposed ESI Stipulation should it be filed.

If Meta's Motion to Dismiss is denied, the Parties will confer and agree to specific limitations on the number and length of depositions for each Party. Plaintiff does not agree that discovery should be stayed pending resolution of Meta's Motion to Dismiss, particularly as to jurisdictional and venue issues, but will confer in good faith with Meta's counsel to avoid unnecessary discovery pending resolution of Meta's Motion to Dismiss.

Finally, the Parties agree that the time for producing records pursuant to Federal Rule of Civil Procedure 33(d) will be as soon as they are reasonably available as the Parties make rolling productions and no later than thirty (30) days prior to the close of fact discovery, excepting any documents not created or reasonably available by that deadline. *See* Local Rule 26.1(e)(3)(C) (setting the deadline as fourteen days after service of answers *or* "at a date agreed upon by the parties").

Dated: September 26, 2025

**MCRAE LAW OFFICES, P.A.**

<u>/s/ Mitchell T. McRae</u>
Mitchell T. McRae
Florida Bar No. 441759
mmcrae@mcraelawfirm.com
5300 W. Atlantic Ave., Suite 412
Delray Beach, FL 33484
Telephone: (561) 638-6600
Facsimile: (888) 308-6020

*Attorneys for Plaintiff.*

Respectfully submitted by:

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

<u>/s/ Diana Marie Fassbender</u>
Diana Marie Fassbender
Florida Bar No. 17095
dszego@orrick.com
2100 Pennsylvania Avenue NW
Washington, DC  20037
Telephone: (202) 339-8533
Facsimile: (202) 339-8500

*Attorneys for Defendant Meta Platforms, Inc.*